**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| DOMINIQUE T. SADDLER,<br><br>Plaintiffs,<br><br>v.<br><br>CHARTER MANUFACTURING COMPANY INC., *Doing business as* CHARTER STEEL<br>Defendant. | Case No. 26-CV-395-JPS<br><br>**PROTECTIVE ORDER** |

On October 23, 2026, the parties filed a joint motion for the entry of a protective order, with a stipulated proposed order. ECF Nos. 13, 13-1. The parties request that the Court enter such an order because discovery will include "confidential, nonpublic material" including "Plaintiff's medical records . . . personal identifiers such as Social Security numbers . . . [and] Defendant's nonpublic policies and its human resources, payroll, and timekeeping data." ECF No. 13 at 1. The parties also stipulate that discovery will include protected health information of persons not party to this action. *Id.* at 2. Federal Rule of Civil Procedure Rule 26(c) allows for an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" including "requiring that a trade secret or other confidential research, development, or commercial information . . . be revealed only in a specified way." FED. R. CIV. P. 26(c)(1)(G); *see also* CIV. L.R. 26(e).

Protective orders are an exception to the general rule that pretrial discovery must occur in the public eye. *Am. Tel. & Tel. Co. v. Grady*, 594 F.2d

594, 596 (7th Cir. 1979); *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945–46 (7th Cir. 1999). Litigation must be "conducted in public to the maximum extent consistent with respecting trade secrets . . . and other facts that should be held in confidence." *Hicklin Eng'r, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) (collecting cases).

Nonetheless, the Court can enter a protective order if the parties have shown good cause and that the order is narrowly tailored to serve that cause. FED. R. CIV. P. 26(c); *Citizens First*, 178 F.3d at 945; *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (even when parties agree to the entry of a protective order, they still must demonstrate the existence of good cause). The Court can find that even broad, blanket orders are narrowly tailored and permissible when it finds that two factors are satisfied: (1) that the parties will act in good faith in designating the portions of the record that should be subject to the protective order; and (2) that the order explicitly allows the parties to the case and other interested members of the public to challenge the sealing of documents. *Cnty. Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2006) (citing *Citizens First*, 178 F.3d at 946).

The Court finds that the parties have requested the protective order in this action in good faith. The parties report that this case will entail the disclosure of sensitive information about the parties and other individuals who are not parties to this action. ECF No. 13. Thus, the Court is satisfied that there exists a sufficient basis for the requested protective order.

Because the parties' proposed protective order adequately complies with the standards set forth above, the Court will enter an order based on the parties' submission. The Court makes four minor modifications to the parties' protective order: (1) to clarify the difference

between a "restricted" document and a "sealed" document, and that both are options for motions filed under General Local Rule 79(d), *see infra* Paragraph (C)(2); (2) to allow both parties and interested members of the public to challenge the designation of confidentiality by motion, *see infra* Paragraph (D); (3) to permit attorneys to keep work product, subject to the parameters of this Order, *see infra* Paragraph (E); and (4) to establish parameters for the use of Artificial Intelligence as it pertains to confidential documents, *see infra* Paragraph (F).

Accordingly,

**IT IS ORDERED** that the parties' joint motion for a protective order, ECF No. 13, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** pursuant to Federal Rule of Civil Procedure 26(c) and Civil Local Rule 26(e):

(A) **DESIGNATION OF CONFIDENTIAL OR ATTORNEYS' EYES ONLY INFORMATION.** Designation of information under this Order must be made by placing or affixing on the document or material, in a manner that will not interfere with its legibility, the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

(1) One who produces information, documents, or other material may designate them as "CONFIDENTIAL" when the person in good faith believes they contain trade secrets or nonpublic confidential technical, commercial, financial, personal, or business information. In this action, such information includes, without limitation: personnel, attendance, timekeeping, leave, compensation, performance, discipline, and separation records of persons who are not parties to this action; medical records and other health information; Social Security numbers, dates of birth, home

addresses, and other personal identifying information; nonpublic data maintained in the parties' human resources, payroll, and timekeeping systems; nonpublic policies, procedures, and internal communications; and insurance agreements produced pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iv).

(2) One who produces information, documents, or other material may designate them as "ATTORNEYS' EYES ONLY" when the person in good faith believes that they contain particularly sensitive trade secrets or other nonpublic confidential technical, commercial, financial, personal, or business information that requires protection beyond that afforded by a CONFIDENTIAL designation.

(3) Except for information, documents, or other materials produced for inspection at the party's facilities, the designation of confidential information as CONFIDENTIAL or ATTORNEYS' EYES ONLY must be made prior to, or contemporaneously with, their production or disclosure. In the event that information, documents or other materials are produced for inspection at the party's facilities, such information, documents, or other materials may be produced for inspection before being marked confidential. Once specific information, documents, or other materials have been designated for copying, any information, documents, or other materials containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated them. There will be no waiver of confidentiality by the inspection of confidential information, documents, or other materials before they are copied and marked confidential pursuant to this procedure.

(4) Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives will be deemed confidential only if designated as such when the deposition is taken or within 30 days of receipt of the deposition transcript.

(5) If a party inadvertently produces information, documents, or other material containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information without marking or labeling it as such, the information, documents, or other material shall not lose its protected status through such production and the parties shall take all steps reasonably required to assure its continued confidentiality if the producing party provides written notice to the receiving party within 10 days of the discovery of the inadvertent production, identifying the information, document or other material in question and of the corrected confidential designation.

(6) A person who is not a party to this action and who produces information, documents, or other material in this action may designate them as CONFIDENTIAL or ATTORNEYS' EYES ONLY on the same terms as a party, and such material is subject to this Order.

(B) **DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION.** Information, documents, or other material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Order must not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraphs (B)(1) and (2) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information, documents, or other material were disclosed (including appeals) and any related proceeding

within the meaning of paragraph (I). Nothing in this Order prohibits a receiving party that is a government agency from following its routine uses and sharing such information, documents or other material with other government agencies or self-regulatory organizations as allowed by law.

(1) CONFIDENTIAL INFORMATION. The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents or other material designated as "CONFIDENTIAL" by any other party or third party under this Order, except that disclosures may be made in the following circumstances:

(a) Disclosure may be made to employees of counsel for the parties or, when the party is a government entity, employees of the government, who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(b) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other parties in advance of the disclosure of the confidential information, documents or other material.

(c) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other

material. Before disclosure to any such court reporter or person engaged in making copies, such reporter or person must agree to be bound by the terms of this Order.

(d) Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(e) Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and to the Court and the Court's staff.

(f) Disclosure may be made to persons already in lawful and legitimate possession of such CONFIDENTIAL information.

(2) ATTORNEYS' EYES ONLY INFORMATION. The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents, or other material designated as "ATTORNEYS' EYES ONLY" by any other party or third party under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(a) Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order

requiring that the information, documents, or other material be held in confidence.

(b) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material. Before disclosure to any such court reporter or person engaged in making copies, such reporter or person must agree to be bound by the terms of this Order.

(c) Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(d) Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and to the Court and the Court's staff.

(e) Disclosure may be made to persons already in lawful and legitimate possession of such ATTORNEYS' EYES ONLY information.

(C) **MAINTENANCE OF CONFIDENTIALITY.** Except as provided in subparagraph (B), counsel for the parties must keep all information, documents, or other material designated as confidential that are received under this Order secure within their exclusive possession and must place such information, documents, or other material in a secure area.

(1) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of information, documents, or other material designated as confidential under this Order, or any portion thereof, must be immediately affixed with the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if not already containing that designation.

(2) Parties may seek to have a document either "restricted" or "sealed." GEN. L.R. 79(d)(1). Restricted documents can be accessed only by the Court and counsel for both parties, whereas only the Court can access sealed documents. *Id.* To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential, these papers or any portion thereof must be filed "restricted" or "sealed" by the filing party with the Clerk of Court utilizing the procedures set forth in General Local Rule 79(d). If a Court filing contains information, documents, or other materials that were designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by a third party, the party making the filing shall provide notice of the filing to the third party.

(D) **CHALLENGES TO CONFIDENTIALITY DESIGNATION.** A part or interested member of the public may challenge the designation of confidentiality by motion. The movant must accompany such a motion with the statement required by Civil L.R. 37. The designating party bears the burden of proving that the information, documents, or other material at issue are properly designated as confidential.

The Court may award the party prevailing on any such motion actual attorney fees and costs attributable to the motion.

(E) **CONCLUSION OF LITIGATION.** At the conclusion of the litigation, a party may request that all information, documents, or other material not filed with the Court or received into evidence and designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Order must be returned to the originating party or, if the parties so stipulate, destroyed, unless otherwise provided by law. Notwithstanding the requirements of this paragraph, a party may retain a complete set of all documents filed with the Court, subject to all other restrictions of this Order. Further, notwithstanding the requirements of this paragraph, counsel of record for the Parties may retain documents constituting work product, discovery requests and responses, deposition transcripts and deposition and trial exhibits and other material designated CONFIDENTIAL or ATTORNEYS' EYES ONLY provided that counsel of record uses at least such efforts to protect such materials as it uses to protect other confidential client information.

(F) **USE OF ARTIFICIAL INTELLIGENCE ("AI")**

A receiving party may use AI tools in connection with discovery materials produced in this action only if the AI tool is operated in a secure environment and is subject to enforceable contractual terms that (a) prohibit the provider from retaining, using, disclosing, selling, or using the materials to train, improve, or develop any AI system; (b) prohibit the materials from being made publicly available or accessible to any other customer or third party; and (c) require commercially reasonable administrative, technical, and physical

safeguards to protect the confidentiality of the materials. Discovery materials, whether designated CONFIDENTIAL or ATTORNEYS' EYES ONLY, shall not be entered into any publicly available or consumer-based AI platform. Any use of AI tools must remain consistent with this Order and with the requirement that discovery materials be used solely for purposes of this litigation.

(G) **INADVERTENT PRODUCTION OF PRIVILEGED OR PROTECTED MATERIAL.** Pursuant to Fed. R. Evid. 502(d) and Fed. R. Civ. P. 26(b)(5)(B), the inadvertent production of material protected by the attorney-client privilege or the work-product doctrine does not constitute a waiver of the privilege or protection in this or any other federal or state proceeding. If a producing party notifies a receiving party that privileged or protected material has been produced inadvertently, the receiving party must promptly return, sequester, or destroy the specified material and any copies, and must not use or disclose the material until the claim is resolved. The parties must confer in good faith regarding any dispute over the asserted privilege or protection.

(H) **MATERIAL PRODUCED BEFORE ENTRY OF THIS ORDER.** This Order applies to all information, documents, and other material produced in this action, including material produced before the date of this Order. Material designated as confidential before entry of this Order is deemed designated under this Order as of the date of its production.

(I) **FILING UNDER SEAL.** The designation of information, documents, or other material as CONFIDENTIAL or ATTORNEYS' EYES ONLY

under this Order does not, by itself, establish a basis for filing that material under seal or for restricting public access to it. A party seeking to file protected material with the Court must proceed by motion in accordance with General L.R. 79(d).

(J) **QUALIFIED PROTECTIVE ORDER FOR PROTECTED HEALTH INFORMATION.** This Order is a qualified protective order within the meaning of 45 C.F.R. § 164.512(e)(1)(v). It applies to all protected health information, as defined in 45 C.F.R. § 160.103, produced in this action by any party or non-party, including medical records and other health information of persons who are not parties to this action, which is deemed designated CONFIDENTIAL under this Order whether or not it is so marked. For purposes of this Order, "this litigation" means this action and any related administrative or judicial proceeding between Plaintiff and Defendant arising out of Plaintiff's employment with Defendant, including any proceeding before the Wisconsin Department of Workforce Development, Equal Rights Division, or the Equal Employment Opportunity Commission, and any appeal, remand, or enforcement proceeding.

(1) The parties and counsel for the parties must not use or disclose protected health information produced in this action for any purpose other than preparing for and conducting this litigation, including appeals.

(2) Notwithstanding paragraph (E), at the conclusion of this litigation the parties and counsel for the parties must return to the producing party or destroy all protected health information produced in this action, including all copies made, except that counsel may retain a

complete set of documents filed with the Court and material received into evidence, subject to all other restrictions of this Order.

(3) A covered entity may disclose protected health information in response to a subpoena, discovery request, or other lawful process in this action in reliance on this Order.

Dated at Milwaukee, Wisconsin, this 27th day of October, 2026.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge